Order, Supreme Court, New York County (Debra A. James, J.), entered November 22, 2011, which, to the extent appealed from as limited by the briefs, granted defendant Alfa Laval Inc.’s motion for partial summary judgment declaring that plaintiff Travelers Casulty and Surety Company and defendant OneBeacon America Insurance Company are obligated to provide it with a complete defense against those claims that fell within the applicable scope of their policies, and denied Travelers’ and OneBeacon’s cross motions for summary judgment declaring that they have a duty to defend the underlying asbestos claims only on a pro rata “time on the risk” basis, unanimously modified, on the law, to vacate the declaration as to OneBeacon, as premature, and otherwise affirmed, with costs, to be paid by Travelers to Alfa Laval.
In this declaratory judgment action, Alfa Laval seeks insurance coverage under policies issued by several companies, including Travelers, for underlying asbestos bodily injury claims brought against Alfa Laval and its predecessor in name, DeLaval, as well as Alfa Laval’s historical competitor, a company named Sharpies, Inc. (the underlying claims), which assets Alfa Laval acquired in 1988.
The duty to defend is broader than the duty to indemnify, requiring each insurer to defend if there is an asserted occurrence covered by its policy; the insured should not be denied initial recourse to a carrier merely because another carrier may also be responsible (see Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 655 [1993]). Although the pro rata sharing of defense costs may be ordered when more than one policy is triggered by a claim, the court, in the interest of judicial economy, did not err in declining to order such sharing at this time, with the understanding that Travelers, Alfa Laval’s longest-standing insurer, may later obtain contribution from other insurers on applicable policies (id. at 655-656).
However, OneBeacon is correct that the court’s ruling was inconsistent to the extent that both Travelers and OneBeacon cannot viably provide Alfa Laval’s complete defense if both their policies are implicated by the same underlying action. In that case, Travelers, as the long-standing insurer, should provide a complete defense, and OneBeacon may eventually be required to contribute to both defense costs and indemnification on a pro rata basis (id. at 655).
*453 On this record, it cannot be determined whether any of the underlying actions implicate only OneBeacon’s policy and not Traveler’s. Concur — Gonzalez, J.E, Saxe, Catterson, Acosta and Gische, JJ.